United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Fidelity National Title Insurance Company, Plaintiff, <br><br> v. <br><br> North American Title Company, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 22-20840-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

**Order Granting Dismissal Without Prejudice**

This matter is before the Court upon Defendant North American Title Company's ("North American") motion to dismiss (Mot., ECF No. 4), which argues, among others, that the Court lacks personal jurisdiction over it. *See* Fed. R. Civ. P. 12(b)(2). The Court agrees and on that basis **grants** North American's motion. (**ECF No. 4**.) Accordingly, this case is **dismissed without prejudice** and all other motions are denied as moot. The Court directs the Clerk to close this case.

1. **Background**

Plaintiff Fidelity National Title Insurance Company ("Fidelity") seeks indemnification of a $250,000 loss it says it covered pursuant to an agency agreement with North American. (*See* Am. Compl. ¶¶ 5-15.) The underlying loss relates to property located in Texas. (*Id.* ¶ 6.) North American is a Texas corporation and Fidelity is a Florida corporation. (*Id.* ¶¶ 1, 2.)

North American represents that it: (1) does not issue title policies in Florida, (2) was authorized to issue policies only for properties in Texas, (3) is not licensed to do business in Florida, (4) does not have an office in Florida, (5) does not have a registered agent in Florida, (6) does not have any bank accounts in Florida, (7) does not have a Florida address, post office box or phone number, and (8) does not own land or other property in Florida. (Aff. of Margery Q. Lee ¶¶ 11-19, ECF No. 4-1.)

Fidelity nevertheless points out that the parties' agreement requires "all notices, requests and other communications . . . to be sent to a Florida address," to a Florida attorney. (Opp. 3, ECF No. 19.) Additionally, it says Texas' Public Information Report lists Miami addresses for all of North American's officers. (*Id.* at 4.) The contract between the parties provides for the application of Florida law and says that the venue for any judicial proceeding

"shall be the location of [Fidelity's] choice." (Agreement ¶¶ 19, 20, Sch. A, ECF No. 1-2.)

### 2. Legal Standard

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009). "A defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways: first, section 48.193(1)(a) lists acts that subject a defendant to *specific* personal jurisdiction . . . and second, section 48.193(2) provides that Florida courts may exercise *general* personal jurisdiction . . . if the defendant engages in substantial and not isolated activity in Florida[.]" *Carmouche v. Tamborlee Mgmt., Inc.,* 789 F.3d 1201, 1203–04 (11th Cir. 2015) (cleaned up).

### 3. Discussion

As a threshold matter, "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Mazer,* 556 F.3d at 1274. Nothing in Fidelity's amended complaint sets out facts that tie North American to Florida. That alone serves as a basis for dismissal. The Court need not stop there, however, because the facts of this case do not bring North American within the scope of Florida's long-arm statute as Fidelity asserts.

Fidelity says the Court has personal jurisdiction over North American by virtue of Florida Statutes §§ 48.193(1)(a)(1), 48.193(2), and 685.102. (Opp. 3-4.)

Section 48.193(1)(a)(1) provides for specific jurisdiction over an entity "[o]perating, conducting, engaging in, or carrying a business or business venture in [Florida] or having an office or agency in [Florida]." Fla. Stat. § 48.193(1)(a)(1). Because its agency agreement with North American requires notices and communications to be sent to a Florida address and Florida attorney, Fidelity argues that North American has "a Florida office" or an agency here. (Opp. 3-4.) This argument fails because Fidelity's claims do not *arise from* those contacts. *See* Fla. Stat. § 48.193(1)(a)(conferring jurisdiction where the cause of action "aris[es] from" the specified acts); *Hinkle v. Cirrus Design Corp.,* 775 Fed. App'x 545, 549 (11th Cir. 2019) (for specific jurisdiction "a defendant's general connections with the forum are not enough," and the claim must arise from those connections). Fidelity's claims all concern an

insurance payment related to property in Texas. None of its claims have to do with, or arise from, North American's purported "Florida office." Thus, jurisdiction under Section 48.183(1)(a)(1) does not attach.

Section 48.193(2) confers general jurisdiction over a person engaged in "substantial and not isolated activity" in Florida. *Carmouche*, 789 F.3d at 1204. Fidelity's basis for arguing jurisdiction under this provision is again North American's receipt of notices to a Florida address and its "signing a master Agency Contract wherein a number of named entities agree to have the notices sent to a Florida address, [which show that North American's] conduct is part of an enterprise that doesn't operate independent of one another [sic], further proving that [North American] has substantial and not isolated activity in Florida." (Opp. 4.) However, Fidelity fails to make the requisite showing.

"The reach of Florida's general jurisdiction statute, Florida Statute § 48.193(2), 'extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment.'" *Saft Am., Inc. v. Jabil Cir. (Guangzhou), Ltd.*, No. 3:18-CV-446-J-32JBT, 2019 WL 4600401, at *8 (M.D. Fla. Sept. 23, 2019) (quoting *Carmouche*, 789 F.3d at 1204). As such, the inquiry under Section 48.193(2) is whether North American's affiliations with Florida "are so continuous and systematic as to render [it] essentially at home" in Florida. *E.g., Saft Am.*, 2019 WL 4600401 at *8. Only in "exceptional cases" do a corporation's operations in a forum other than its formal place of incorporation or principle place of business render it at home. *Carmouche*, 789 F.3d at 1204. To recall, North American is a Texas corporation. The factors Fidelity cites—North American's receipt of notices at a Florida address and signature on the agency agreement—simply do not render North American "at home" in Florida. *Cf. id.* (entity not found "at home" in Florida despite having "a Florida bank account and two Florida addresses . . . purchasing insurance from Florida companies, filing a financing statement with the Florida Secretary of State, joining a non-profit trade organization based in Florida, and consenting to the jurisdiction of the Southern District of Florida . . . ."). For that reason, jurisdiction under Section 48.193(2) fails.

Last, Section 685.102 confers specific jurisdiction over an out-of-state party where the parties' contract is governed by Florida law *and* the out-of-state party agrees "to submit to the jurisdiction of the courts of [Florida]." *See* Fla. Stat. §§ 685.102(1), 48.193(1)(a)(9). The agreement here explicitly provides for the application of Florida law but nowhere does it say that North American agrees to submit to the jurisdiction of Florida courts. The relevant clause simply says that the venue for any judicial proceeding "shall be the location of [Fidelity's] choice." (Agreement Sch. A.) Curiously, North American removed

this case from state court but Fidelity has not challenged removal on the basis of that clause.

In any event, the clause's plain wording evidences no submission by North American to Florida courts as required by Section 685.102(1). *See Omega IM Grp., LLC v. Louidar, LLC*, No. 17-22141-CIV, 2018 WL 1069446, at *6 (S.D. Fla. Feb. 16, 2018) (Simonton, Mag. J.), *report and recommendation adopted*, No. 17-22141-CIV, 2018 WL 1875835 (S.D. Fla. Mar. 6, 2018) (King, J.) (clause that allowed one party to select venue and governing law did not contain an express provision wherein the defendant agreed to submit to Florida courts' jurisdiction). In fact, courts have struck similar clauses down due to their vagueness when presented as forum selection clauses. *See id.*; *Lopez v. United Cap. Fund, LLC*, 88 So. 3d 421, 425 (Fla. 2d DCA 2012). As such, no basis for jurisdiction under Section 685.102 exists.

For these reasons, the Court disagrees that it has personal jurisdiction over North American by virtue of Florida Statutes §§ 48.193(1)(a)(1), 48.193(2), and 685.102.

### 4. Conclusion

Accordingly, the Court **grants** North American's motion (**ECF No. 4**) and **dismisses this case without prejudice**. All other motions are **denied as moot**. The clerk is directed to **close** this case.

**Done and ordered** in Miami, Florida on June 9, 2022.

_____
Robert N. Scola, Jr.
United States District Judge